GILMAN and others, Respondents, vs. SHEBOYGAN COUNTY, imp., Appellant.

*January 22 — February 3, 1891.*

*Action to set aside assessment as a cloud on title: Parties: Stay.*

1. In an action against a county and other parties by persons claiming to own certain lands on which they had paid taxes assessed against themselves, to set aside as a cloud on their title an assessment of

taxes on a portion of the same lands to third persons, and the proceedings to enforce the same, though such third persons claim to own the land so assessed to them, they are not necessary parties to the determination of any question involved, and have no interest therein adverse to the plaintiff, and a motion to make them parties may properly be refused.

2. Where a county is confessedly seeking to enforce a double assessment on land, its motion for a stay of proceedings until the determination of an action between the claimants as to the title of the land may properly be denied.

APPEAL from the Circuit Court for *Sheboygan* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that the plaintiffs are tenants in common and owners in fee-simple of the lands described therein; that the first four parties named are the heirs at law of W. W. Gilman, deceased, and, as such heirs, are the owners in fee-simple of one third of the said land; that the plaintiff railway company is owner in fee-simple of the other two thirds of said land; that for the purposes of taxation for the years 1886, 1887, and 1888, the assessors of the city of Sheboygan, in said county, assessed all the interests of the first four plaintiffs to their intestate, W. W. Gilman, and that the taxes for said several years were properly carried out in the tax rolls, and were fully paid by the intestate, his agent, or the said plaintiffs; that said assessors, for the same years, wrongfully entered, as for assessment or taxation, on said assessment rolls, a piece of land, describing it as being embraced within the description of the former tract so owned by the plaintiffs as such tenants in common, and that the same was wrongfully assessed to one George Groh as owner; that the same was so wrongfully carried into the tax rolls for said years, and placed in the hands of the treasurer for collection, and returned by him as unpaid, and were thereupon advertised for tax sale, and sold at tax sales for said years, respectively, to the de-

fendant Detling, who is not otherwise interested than as such purchaser; that all of such proceedings were wholly without the knowledge of the plaintiffs. Said complaint contained other suitable allegations, and prayed, in effect, that said assessments to said Groh, and the tax sales so made thereon, be declared void, and that the tax certificates issued thereon be respectively declared void, and adjudged to be delivered up for cancellation, and cancelled; that said county and its clerk be perpetually enjoined from issuing tax deeds on any of said tax certificates, and for a temporary injunction against the same, and for costs.

The defendants answered, and in effect conceded said double assessment. Thereupon the defendants moved the court, upon affidavits and certain other pleadings in another action referred to, for an order directing that George M. Groh and others, claiming to be the owners of said premises, be made defendants in this action, on the ground that they disputed the plaintiffs' title; and upon hearing said motion it was ordered by the court, May 27, 1890, that the same be and was thereby denied, with $10 costs, to be paid by the defendants to the plaintiffs. At the same time the defendants moved said court, upon affidavits, for a stay of proceedings in this action until a certain action of ejectment brought by these plaintiffs against George M. Groh and others has determined who is the rightful owner of the lands described in said tax certificates, and, after hearing counsel for the respective parties, it was ordered by the court on May 27, 1890, that said motion be, and the same was, thereby denied. From each and both of said orders the defendant county brings this appeal.

For the appellant there was a brief by *Simon Gillen* and *C. H. Maynard*, and oral argument by *Mr. Gillen.* To the point that to maintain the action the plaintiffs must show legal title, which they could not do until the determination of the action involving that question, and a stay

Gilman and others vs. Sheboygan County.

should have been granted, they cited sec. 3187, R. S.; *Manning v. Heady*, 64 Wis. 630; *Stridde v. Saroni*, 21 id. 173; *Gillett v. Treganza*, 13 id. 472. To the point that the other claimants of the land should have been made parties because the trial involves a determination of the title between them and plaintiffs, they cited Pomeroy's Rem. sec. 412; 1 Wait's Pr. 161; *Siegel v. Outagamie Co.* 26 Wis. 70; *Watkins v. Milwaukee*, 52 id. 98; *Hopkins v. Gilman*, 47 id. 590; *Carney v. Gleissner*, 62 id. 493; *Shove v. Shove*, 69 id. 429; *Wilde v. Paschen*, 67 id. 95.

For the respondents there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*.

CASSODAY, J. It is, in effect, alleged in the complaint, and conceded, that the lands described were assessed and taxed to the plaintiffs as the owners thereof, in each of the years 1886, 1887, and 1888, and that they fully paid the taxes thereon for each of those years. It is therein alleged, in effect, and conceded, that a portion of the same land, by a differently worded description, was assessed and taxed to Groh as the owner thereof, for the same years, and for the same purposes, and by the same municipality; and that the defendants were engaged in forcing the collection thereof against the same land. This action is to set aside such last-named assessment, and the proceedings thereon, as clouds upon the title of the plaintiffs. The contention is that Groh and certain members of his family claim to be the owners of such land, and hence should be made parties defendant. Assuming that the Grohs claim to be such owners, yet, from the very nature of the case, their presence as defendants cannot be sought to confirm and establish such assessment and tax proceedings, since that would only burden and tend to cut off whatever title they might have in the premises. In other words, whatever interest the Grohs may have in the controversy is adverse to

the enforcement of said tax proceedings, and hence adverse
to the claim of the defendants.   Assuming that there is an
existing controversy between the plaintiffs and the Grohs
in relation to the title to the land, and that there is an ac-
tion of ejectment pending to determine that controversy,
yet that controversy cannot be determined in this action,
which is entirely for a different purpose.   In other words,
such action of ejectment cannot properly be consolidated
with this equitable action.   The removal of the tax pro-
ceedings, as a cloud on such land, would necessarily be
beneficial to the owners of the land, whoever they may be,
and hence the Grohs have no interest in that controversy
adverse to the plaintiffs, within the meaning of sec. 2603,
R. S.   Nor are they necessary parties to a complete deter-
mination of the questions involved in this action, within
the meaning of that section.[1]   It is contended that the
plaintiffs have no title to the land covered by such taxes,
and hence have no interest in removing the cloud from the
title.   If that is so, then the defendants can prove such
want of title without making the Grohs parties, just as
effectually as could be done if they should be made parties.
Whatever may be the determination of that question in
this action, yet it can in no way affect the pending contro-
versy in the other action.   This is not only obvious from
the very nature of the case, but has, in effect, been recently
decided by this court.   *Burr v. C. C. Thompson & Walkup
Co.* 78 Wis. 227.   The order of the circuit court, refusing
to make the Grohs parties defendant, is affirmed.   The
defendants were confessedly seeking to enforce a double
assessment upon the same land.   To do so would be in-
equitable and unjust.   To stay proceedings in this action,
as asked, might compel the plaintiffs to pay such double tax,
or lose title to their land by the tax proceedings becoming

---

[1] Sec. 2603 provides that such persons may be made parties defendant.

conclusive against them. Manifestly, the application for such stay was properly denied. Counsel for the plaintiffs claim that the order thereon was not appealable, but it is unnecessary here to pass upon that question. The order of the circuit court refusing such stay is affirmed.

*By the Court.*— Both orders affirmed.